FILED
United States Court of Appeals
Tenth Circuit

February 3, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CODY ROBERT JUDY,

        Plaintiff – Appellant,

v.

BARACK HUSSEIN OBAMA, a/k/a
Barry Soetoro; DEMOCRATIC
NATIONAL COMMITTEE;
ORGANIZATION FOR ACTION,

        Defendants – Appellees.

No. 14-4136
(D.C. No. 1:14-CV-00093-TS)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Cody Robert Judy considered himself a candidate for President in both the 2008

and 2012 United States Presidential races. President Barack Obama won both of those

elections. Asserting that President Obama was not a natural-born citizen, Judy sued

President Obama, and others, in federal court. At the outset, the district court granted

Judy *in forma pauperis* status. But, ultimately, the district court dismissed Judy's

---

    * After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist this appeal, so the case is ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

complaint under 28 U.S.C. § 1915(e)(2), concluding that the case was frivolous.[1] We review this issue de novo. *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). Because Judy is pro se, we liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In support of his claims, Judy alleged that President Obama is not a natural-born citizen and is ineligible to serve as President. By running for President, he and others defrauded the United States and injured Judy's campaigns. For redress, he asserted claims under 42 U.S.C. § 1983, the Sherman Act, and the Clayton Act. He sought compensatory and punitive damages for his claims, but didn't seek to remove President Obama from office. He named several defendants: "Barack Hussein Obama aka Barry Soetoro – Organization for Action"; "Barack Obama – As Candidate Barack Obama also occupying the Office of the President illegally"; the Democratic National Convention ("DNC"); Mitch Stewart, Director of the DNC; Jeremy Bird, Deputy Director of the DNC; Debbie Wasserman Shultz, National Chair of the DNC; Jim Dabaki, Utah Chair of the DNC; Matt Lyon, Utah Executive Director of the DNC; Representative Nancy Pelosi; and Senator Harry Reid.

---

[1] While Judy is not a prisoner as defined by 28 U.S.C. § 1915, "'[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (alteration in original) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)); *c.f. Lister*, 408 F.3d at 1312 (concluding that § 1915(a) "applies to all persons applying for IFP status, and not just to prisoners" and then applying § 1915(e)(2)(B)); *Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009) ("[T]he *ifp* statute draws several distinctions between prisoners and nonprisoners . . . ."). Other circuits have also expressly held that § 1915(e)(2) applies to nonprisoner litigants proceeding *in forma pauperis. See, e.g.*, *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).

Under § 1915(e)(2), a court must screen cases filed *in forma pauperis* and must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The district court concluded that all three reasons supported its *sua sponte* dismissal.

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

*Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001), and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002); *see also Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

For substantially the same reasons stated by the district court, we also conclude that the complaint was frivolous and failed to state a claim for relief under § 1915(e)(2). We briefly discuss our reasoning here, although it largely mirrors the reasoning of the district court.

First, addressing whether he adequately stated a claim for relief, Judy cites no basis in law for his claim that he is entitled to damages under § 1983, the Sherman

Act, or the Clayton Act. Even taking all his allegations as true and construing them in the light most favorable to his case, we see nothing even suggesting that he would ever be entitled to any sort of relief for President Obama's (and the other Defendants') supposed wrongdoing. Judy cannot point to a single case that construes any of these statutes in a way supporting his claims for relief. Next, because we see no scenario where he would be entitled to relief under § 1983, the Sherman Act, or the Clayton Act, we also agree with the district court that his complaint was frivolous.

Judy argues that he was entitled to default judgment because he had submitted evidence establishing that he properly served the Defendants in this case and that they failed to timely respond. Alternatively, Judy argues that even if the Defendants weren't served, the district court erred by not compelling service of process. None of this matters. Even if the Defendants were properly served, Judy would not have been entitled to default judgment because the district court was required to dismiss his complaint under § 1915(e)(2)(i)–(ii) as frivolous and for failing to state a claim for relief. *See c.f. Neitzke*, 490 U.S. at 324 (concluding that "[t]o prevent such abusive or captious litigation" the *in forma pauperis* statute "authorizes federal courts to dismiss a claim . . . if satisfied that the action is frivolous or malicious. Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." (internal quotations omitted) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984))).

Along those lines, Judy takes issue with the district court's *sua sponte* decision to dismiss his complaint under § 1915(e)(2). He argues that in doing so the court acted as Defendants' counsel. Contrary to Judy's position, the court was obligated to dismiss his complaint *sua sponte* under § 1915(e)(2)'s screening mechanism. *See c.f. Jones v. Bock*, 549 U.S. 199, 214 (2007) (concluding that courts must screen *sua sponte* under § 1915(e)); *Neizke*, 490 U.S. at 327 (concluding that the statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). We see no error in the district court's *sua sponte* action.

In sum we conclude that the district court properly dismissed Judy's complaint under § 1915(e)(2)(i)–(ii).[2] We AFFIRM.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

---

[2] We don't need to reach the issue under § 1915(e)(2)(iii) of whether the complaint sought damages from individuals immune from suit because it is sufficient that his complaint is either frivolous or fails to state a claim for relief under § 1915(e)(2)(i)–(ii).