**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CODY ROBERT JUDY,

    Plaintiff - Appellant,

v.

BARACK HUSSEIN OBAMA, a/k/a
BARRY SOETORO; DEMOCRATIC
NATIONAL COMMITTEE;
ORGANIZATION FOR ACTION,

    Defendants - Appellees.

No. 17-4055
(D.C. No. 1:14-CV-00093-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Cody Robert Judy appeals the district court's denial of his motion for relief from

judgment and a later motion for reconsideration. Because Mr. Judy has failed to show

that the district court abused its discretion, we affirm.

Mr. Judy brought this action under 42 U.S.C. § 1983, the Sherman Antitrust Act,

and the Clayton Act, asserting that former President Barack Obama is not a natural-born

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

citizen eligible to hold the office of President of the United States, and that he and other high-ranking public and party officials, including Representative Nancy Pelosi and Senator Harry Reid, acted "as a cartel . . . in the political arena contrary to the public good." Aplt. App. at 6. Because Mr. Judy brought this action *in forma pauperis* under 28 U.S.C. § 1915, the district court undertook its duty to screen the complaint, *see* 28 U.S.C. § 1915(e)(2)(B)(i), and dismissed it as frivolous on October 7, 2014. We affirmed the district court's decision. *See Judy v. Obama*, 601 F. App'x. 620, 623 (10th Cir. 2015).

Almost two years after our decision Mr. Judy filed in the district court a motion for relief from the district court's judgment, citing "new evidence" alleging that President Obama's birth certificate was forged. The district court denied the motion. Mr. Judy moved for reconsideration of the district court's denial, arguing that the district court prematurely denied his motion before defendants filed a response. The district court denied the motion for reconsideration and Mr. Judy appealed the denial of his motions for relief and reconsideration.

We determined that Mr. Judy's appeal was frivolous and declined to consider the issues raised until Mr. Judy paid the required filing fees. On July 21, 2017, Mr. Judy paid the required filing fees to the district court. We therefore turn to the merits of Mr. Judy's appeal.

Mr. Judy's motion for relief from judgment was filed on January 27, 2017. Because this was more than two years after the judgment, we treat it as a motion under Fed. R. Civ. P. 60(b). *See Williams v. Akers*, 837 F.3d 1075, 1077, 1077 n.1 (10th Cir.

2

2016). But a Rule 60(b) motion based on newly discovered evidence must be made "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1); *see* 11 Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure § 2866 (3d ed.) ("A motion under clauses (1), (2), or (3) must be denied as untimely if made more than one year after judgment regardless of whether the delay was reasonable."). The district court did not abuse its discretion in denying the motion. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (internal quotation marks omitted). ("We review the district court's denial of a Rule 60(b) motion for an abuse of discretion."). And because the denial of Mr. Judy's motion for relief from judgment was indisputably correct, there is likewise no merit to the motion for reconsideration.

We **AFFIRM**.

Entered for the Court


Harris L Hartz
Circuit Judge

3