**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT EARL JACKSON,

        Plaintiff-Appellant,

v.

REGINALD HINES,

        Defendant-Appellee.

No. 07-5133

Northern District of Oklahoma

(D.C. No. 04-CV-00195-CVE-FHM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Robert Earl Jackson, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Jackson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## I. BACKGROUND

Officer Tom Ford observed Mr. Jackson drive through a red light on the evening of March 20, 2000, in Tulsa, Oklahoma. Officer Ford called for backup

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

and stopped Mr. Jackson to issue a traffic citation. As Officer Ford approached Mr. Jackson's vehicle, he noticed Mr. Jackson drop an object out of the driver's side window. After a backup officer, Steve Dickson, arrived, Officer Ford retrieved the item. The two officers approached Mr. Jackson and asked about the object, which turned out to be an eyeglasses case containing baggies of cocaine and marijuana. Mr. Jackson stated that it did not belong to him. The officers asked Mr. Jackson to exit his car so that they could place him under arrest. When he stepped out of the car, however, Mr. Jackson pushed the officers out of the way, grabbed the glasses case, and fled. After a short chase the officers caught up with him. In the ensuing struggle, Mr. Jackson struck Officer Ford in the head with his elbow and kicked Officer Dickson. After additional law enforcement arrived to assist, Mr. Jackson was handcuffed and taken into custody.

Mr. Jackson was arrested, charged, and convicted in state court by a jury of two counts of assault and battery upon a police officer (Counts 1 and 2), and one count of unlawful possession of a controlled drug (Count 3). Mr. Jackson, who had been convicted of two prior felonies, was sentenced to two ten-year terms of imprisonment on Counts 1 and 2 and to twelve years imprisonment on Count 3. All sentences were to be served consecutively.

Mr. Jackson appealed his convictions and sentence to the Oklahoma Criminal Court of Appeals (OCCA), which denied relief. On his subsequent application for post-conviction relief, the OCCA affirmed the state district court's

refusal to grant relief. Having exhausted his state remedies, Mr. Jackson filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, making several claims of error. The district court, in a thorough opinion, rejected all of Mr. Jackson's claims.

In his application for a COA, Mr. Jackson sets forth the following grounds for relief:

1. the sentence violated Mr. Jackson's equal protection and due process rights;

2. trial counsel rendered ineffective assistance of counsel because he failed to expose police officers' perjury;

3. appellate counsel rendered ineffective assistance because he failed to effectively argue that Mr. Jackson's sentence should be modified;

4. trial counsel rendered ineffective assistance because he waived Mr. Jackson's presence during a phase of trial and failed to argue the merits of a *pro se* motion written by Mr. Jackson;

5. Mr. Jackson's conviction on two counts of assault and battery upon a police officer violated the Fifth Amendment's prohibition against double jeopardy;

6. appellate counsel rendered ineffective assistance because he failed to challenge the jury instructions and the validity of a prior conviction;

7. trial counsel rendered ineffective assistance because he failed to investigate available defenses.

## II. DISCUSSION

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

### A. Procedural Bar (grounds 1 & 2)

Mr. Jackson's first and second grounds for relief are barred because he failed to raise these issues on direct appeal to the Oklahoma Criminal Court of Appeals (OCCA). A petitioner's "failure to raise an issue . . . on direct appeal imposes a procedural bar to habeas review," unless he "can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense" or "that failure to consider the federal claims will result in a fundamental miscarriage of justice." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (internal quotation marks omitted). Good cause can be proven by "a showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by

-4-

officials made compliance [with the procedural requirement] impracticable."
*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal citations omitted).

As his first ground for relief, Mr. Jackson claims that he was denied "equal protection and due process because the trial judge's sentencing policy was an abuse of discretion where similarly situated defendants were granted relief." Petr.'s Br. at 4. Mr. Jackson claims that the trial judge gave consecutive sentences to defendants who went to trial but gave concurrent sentences to those who pled guilty. He raised this issue for the first time in his application for post-conviction relief rather than on direct appeal. Mr. Jackson's argument that his failure to raise the issue earlier should be excused for cause is without merit. He contends that the legal and factual basis of his claim was not reasonably available to him sooner because he did not learn of the trial judge's sentencing policy until after direct appeal. This is belied by the procedural history of his direct appeal. In his initial brief on direct appeal, he argued that the trial judge's decision to run his sentences consecutively was an abuse of discretion. Later, however, he filed a motion to supplement his brief with evidence of the trial judge's sentencing policy, consisting of a then-recent OCCA opinion reversing a sentence by the same trial judge on account of her policy of sentencing defendants who stood trial to consecutive terms. *Ezell v. Oklahoma*, No. F-2001-637 (Okla. Crim. App. June 13, 2002). Although the OCCA opinion did not characterize this policy as a constitutional error, but only as an abuse of discretion under Oklahoma law, it

shows that the defendant was aware as of June 13, 2002 of the factual basis for the claim he now presents under the Equal Protection and Due Process Clauses. We also note that Mr. Jackson makes no claim that he was subjected to a fundamental miscarriage of justice.

As part of this first claim, Mr. Jackson suggests that the disparate treatment of his claim by the OCCA—affirming his sentence while reversing the sentences of two other defendants who received consecutive sentences from the same trial judge pursuant to her policy—violated his equal protection rights. However, his "argument here comes down to a contention that [Oklahoma] law was misapplied." *See Beck v. Washington*, 369 U.S. 541, 554 (1962). Despite their apparent similarity, the OCCA found the sentences imposed on two other defendants an abuse of discretion under state law, and not his. This is not a violation of equal protection. The Fourteenth Amendment does not preclude a court from reaching different outcomes in cases with different facts, and even if the court erred, the Amendment does not protect against mere misapplication of state law. *Id.* at 554–55.

As his second ground for relief, Mr. Jackson argues that his trial counsel was ineffective for failing to expose the police officers' testimony as perjury. However, the OCCA declined to reach the merits of this issue because Mr. Jackson did not raise this issue in his direct appeal. The federal district court likewise declined because Mr. Jackson did not even attempt to show "cause and

prejudice" for the default or that any "fundamental miscarriage of justice" would result if the claim was not considered. We decline to reach the merits of this claim for the same reason.

### B. Ineffective Assistance of Trial Counsel (Grounds 4 & 7)

As grounds four and seven, Mr. Jackson argues that his trial counsel was ineffective on several occasions in the course of the trial. These claims fail because Mr. Jackson's trial counsel's effectiveness is not reasonably subject to debate.

Mr. Jackson first argues that trial counsel was unconstitutionally deficient for waiving Mr. Jackson's presence during a "critical stage of the trial." Petr.'s Br. at 13. This claim is completely without merit. While counsel did waive Mr. Jackson's presence during a brief segment of trial, the only matter discussed during his absence was the timing of the jury's lunch break. Mr. Jackson fails to show that any prejudice occurred during this brief absence.

Next, Mr. Jackson claims that his trial counsel refused to argue the merits of a *pro se* motion that Mr. Jackson had written to quash, suppress, and dismiss. There is no evidence in the record that trial counsel refused to argue anything. Mr. Jackson even admits that his counsel later presented the arguments contained in the motion as part of Mr. Jackson's defense. Therefore, Counsel's strategic decision not to argue the merits of the *pro se* motion was not prejudicial because the motion was redundant.

As ground seven, Mr. Jackson argues that his trial counsel was deficient for failing to investigate available defenses such as self-defense. This argument fails because Mr. Jackson was the initial aggressor when he pushed, kicked and elbowed Officers Ford and Dickson. R., Doc. 46 Exh. A, at 4. *See Ruth v. Oklahoma*, 581 P.2d 919, 922 (Okla. Crim. App. 1978).

**C. Ineffective Assistance of Appellate Counsel (Grounds 3 & 6)**

Mr. Jackson argues as his third and sixth grounds for relief that his appellate counsel was ineffective for failing to raise several issues on appeal. These claims are also without merit. When analyzing counsel's strategic decision to omit an issue on appeal, we grant deference to the professional judgment of the appellate attorney. *Cargle v. Mullin,* 317 F.3d 1196, 1202 (10th Cir.2003). Furthermore, we may "examine the merits of the omitted issue," and if it "is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance." *United States v. Cook*, 45 F.3d 388, 392–93 (10th Cir. 1995) (internal quotation marks omitted).

Mr. Jackson first argues that appellate counsel failed to adequately present a claim that Mr. Jackson's sentence must be modified. However, the record shows that appellate counsel argued this issue extensively on direct appeal. Indeed, as the district court observed, Mr. Jackson used identical language in his §2254 petition to present this sentencing claim as that used by his counsel on direct appeal.

Mr. Jackson next complains that his appellate counsel failed to challenge the sufficiency of the evidence and the jury instructions relating to his conviction for unlawful possession of a controlled drug. This argument is without merit, however, because there was ample evidence for a reasonable trier of fact to have found Mr. Jackson guilty beyond a reasonable doubt. Likewise, we agree with the district court's finding that the jury instructions accurately reflected the law.

Mr. Jackson also argues that his appellate counsel was ineffective because he failed to challenge the trial court's refusal to give an instruction on the lesser included offense of assault upon a police officer. Under Oklahoma law, actual touching is an element of a battery, but physical contact is not an essential element of assault. *Joplin v. State*, 663 P.2d 746, 747 (Okla. Crim. App. 1983). Consideration of a lesser included offense in Oklahoma is unnecessary where there is "uncontroverted evidence" of the element(s) that distinguish the greater offense from the lesser offense. *See Taylor v. State*, 761 P.2d 887, 889 (Okla. Crim. App. 1988). In this case, an instruction on the lesser included offense of assault upon a police officer was unnecessary because there is uncontroverted evidence that Mr. Jackson touched Officers Ford and Dickson when he pushed, elbowed, and kicked the officers.

Finally, Mr. Jackson argues ineffectiveness in the failure of his attorney to challenge the use of one of Mr. Jackson's prior convictions. Mr. Jackson asserts that this prior conviction was vacated and barred by double jeopardy. Mr.

Jackson's claim is without merit because his prior conviction was not vacated. Although a different prior conviction had been vacated, the conviction used to enhance Mr. Jackson's sentence is still valid.

### D. Double Jeopardy (Ground 5)

As his fifth ground for relief, Mr. Jackson contends that his conviction on two counts of assault and battery upon a police officer violates the Fifth Amendment's prohibition against double jeopardy because the acts on which those counts arose occurred in one general transaction. Punishments at the same trial, however, are not considered "multiple" for purposes of double jeopardy unless the sentencing court imposes "greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). We look to the decisions of the Oklahoma courts to discern the intent of the Oklahoma legislature in enacting the statute under which Mr. Jackson was convicted. *Id.* The OCCA has long held that "where crimes against the person are involved, even though various acts are part of the same transaction, they will constitute separate and distinct crimes where they are directed at separate and distinct persons." *Jennings v. State*, 506 P.2d 931, 935 (Okla. Crim. App. 1973). Further, the OCCA consistently applies the *Blockburger* test to determine whether multiple convictions violate the double jeopardy clause. *Ball v. State*, 173 P.3d 81, 93 (Okla. Crim. App. 2007). Under *Blockburger*, the same act or transaction constitutes multiple offenses when each offense "requires proof of a fact which

-10-

the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Under these principles, Mr. Jackson's convictions on two separate assault and battery charges do not violate the Fifth Amendment's prohibition against double jeopardy.

## III. CONCLUSION

Accordingly, we **DENY** Mr. Jackson's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge