**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT EARL JACKSON,

        Petitioner−Appellant,

v.

REGINALD HINES, Warden,

        Respondent−Appellee.

No. 12-5204
(D.C. No. 4:04-CV-00195-CVE-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

Petitioner Robert Earl Jackson, a state prisoner proceeding pro se, seeks to appeal the district court's order dismissing his post-judgment motion pursuant to Fed. R. Civ. P. 60(b) for lack of jurisdiction. We deny him a certificate of appealability (COA) and dismiss this proceeding.

Mr. Jackson was convicted in state court by a jury of two counts of assault and battery upon a police officer and one count of unlawful possession of a controlled drug. He was sentenced to two ten-year terms of imprisonment on the assault-and-

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

battery counts and to twelve years' imprisonment on the drug charge. The state court ordered that all of his sentences were to be served consecutively.

In 2004, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. After permitting him to amend the petition numerous times, the district court eventually denied it. Mr. Jackson appealed to this court. We denied him a COA and dismissed his appeal. *Jackson v. Hines*, 268 F. App'x 773, 779 (10th Cir. 2008). The Supreme Court denied certiorari.

Two and one-half years later, Mr. Jackson filed a motion for relief under Fed. R. Civ. P. 60(b) together with another § 2254 petition. On October 6, 2011, the district court dismissed both the Rule 60(b) motion and the § 2254 petition, reasoning that each of them constituted a second or successive § 2254 petition filed without prior authorization from this court. Mr. Jackson did not appeal from this dismissal. Instead, he filed three more post-judgment motions: a motion to alter or amend the district court's judgment, which the district court dismissed on December 19, 2011; another Rule 60(b) motion, which the district court dismissed on October 17, 2012; and a motion to alter or amend the October 17, 2012 dismissal, which the district court denied on November 7, 2012.

Our first task is to determine which of the many orders entered by the district court is before us on appeal. On November 26, 2012, Mr. Jackson filed a notice of appeal to this court "from the final judgment entered against him in this action." R. at 173. This notice of appeal thus purported to appeal only from a single "final

judgment." It was timely to appeal from the dismissal of his latest Rule 60(b) motion along with the denial of his motion to alter or amend. *See* Fed. R. App. P. 4(a)(4)(A)(iv) (timely motion to alter or amend judgment causes time to file appeal to run from order disposing of motion); *Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir. 1983) (per curiam) (timely-filed motion to alter or amend tolled time to appeal from denial of Rule 60(b) motion). It did not represent a timely notice of appeal, however, from earlier orders entered in the case. We therefore consider only Mr. Jackson's appeal from the dismissal of his latest Rule 60(b) motion and from the denial of his motion to alter or amend.

To pursue his appeal from either order, Mr. Jackson must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We may grant him a COA to appeal the dismissal of his Rule 60(b) motion only if reasonable jurists could debate whether (1) the district court's jurisdictional ruling was correct and (2) the allegations in the habeas application are sufficient to state a valid constitutional claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court dismissed Mr. Jackson's Rule 60(b) motion because it determined that the motion constituted "a substantive challenge to the validity of his Judgment and Sentence entered in state court" and therefore "qualifies as a successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals." R. at 162. A prisoner's post-judgment motion should be treated like a second or successive § 2254 motion if it asserts or reasserts

- 3 -

claims of error involving the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32, 538 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). "That is not the case, however, when a Rule 60(b) motion attacks . . . some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In that case, the motion is a "true" Rule 60(b) motion, and should not be treated as a second or successive petition. *See Spitznas*, 464 F.3d at 1215-16.

In *Spitznas*, this court provided "[s]ome examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction." *Id.* at 1216. These include

> a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied; or a motion seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

*Id.* (internal brackets, citations, and quotation marks omitted).

Notwithstanding the arguments Mr. Jackson now makes in his combined opening brief and application for COA, the assertions in his Rule 60(b) motion all appear to fall within one or more of these categories. *See* R. at 107-36. In light of this fact, he fails to demonstrate that reasonable jurists could debate the correctness of the district court's conclusion that his Rule 60(b) motion was in fact an unauthorized second or successive § 2254 petition. Also in light of the foregoing, the district court did not err in denying the motion to alter or amend.

We therefore deny Mr. Jackson a COA and dismiss this appeal. We also deny his application to proceed in forma pauperis, and order him to remit the full amount of the filing fee.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk