FILED
United States Court of Appeals
Tenth Circuit

**July 16, 2014**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT EARL JACKSON,

      Petitioner - Appellant,

v.

ANITA TRAMMELL,

      Respondent - Appellee.

No. 14-5041
(N.D. Oklahoma)
(D.C. No. 4:13-CV-00198-JHP-FHM)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

This matter is before the court on Robert Earl Jackson's pro se request for a

certificate of appealability ("COA"). Jackson seeks a COA so he can appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C.

§ 2253(c)(1)(A). Because Jackson has not "made a substantial showing of the

denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for

a COA and **dismisses** this appeal.

Jackson filed the instant § 2254 habeas petition challenging his Oklahoma

conviction in Tulsa County District Court, No. CF-1995-4408. The district court

concluded it lacked jurisdiction to consider the merits of Jackson's § 2254

petition, no matter how that petition was construed. To the extent Jackson was

challenging his conviction in No. CF-1995-4408, the district court concluded it lacked jurisdiction because Jackson was not "in custody" on that conviction. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Alternatively, to the extent Jackson's § 2254 petition could be generously construed as challenging the Oklahoma state prison sentences imposed on him in Tulsa County District Court, No. CF-2000-1569,[1] the district court concluded it lacked jurisdiction because Jackson had already litigated the validity of No. CF-2000-1569 in a previous § 2254 habeas petition. 28 U.S.C. § 2244(b)(3) (providing a district court cannot consider a second or successive habeas petition unless the petitioner has obtained authorization from this court to file such a petition); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that in the absence of § 2244(b)(3) authorization from this court, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition).[2] Furthermore, because Jackson's instant § 2254 petition did not present any claim that appeared remotely likely to fall within the parameters of 28 U.S.C. § 2244(b)(2), the district court declined to transfer the petition to this court under 28 U.S.C. § 1631. *Cline*, 531 F.3d at 1252 ("When a second or successive § 2254

---

[1]*See generally Anderson-Bey v. Zavaras*, 641 F.3d 445, 453-54 (10th Cir. 2011) (discussing extraordinarily narrow circumstances in which a petitioner can challenge the validity of a current sentence by asserting that sentence was enhanced by a previous, constitutionally defective conviction).

[2]For this reason, it was unnecessary to determine whether Jackson's § 2254 claims were of the type described as permissible in *Anderson-Bey*.

. . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.").

The granting of a COA is a jurisdictional prerequisite to Jackson's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Jackson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court denies a petition on procedural grounds, a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having undertaken a review of Jackson's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Jackson is not entitled to a COA. The district court's procedural determination that it lacked jurisdiction to review the merits of Jackson's § 2254 petition, no matter how construed, is not remotely, let alone reasonably, subject to debate. Likewise, given its obvious failure to satisfy the requirements of § 2244(b)(2), the district court did not abuse its discretion when it declined to transfer Jackson's petition to this court. *Cline*,

531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization.").  Accordingly, this court **DENIES** Jackson's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge