**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REGINA WILLIAMS, individually and as
personal representative of the estate of
George Rouse, deceased,

      Plaintiff - Appellee,

v.

MARVIN AKERS; FRANCIA
THOMPSON,

      Defendants - Appellants,

and

BOARD OF COUNTY
COMMISSIONERS OF GRADY
COUNTY; GRADY COUNTY
CRIMINAL JUSTICE AUTHORITY;
GRADY COUNTY INDUSTRIAL
AUTHORITY; ART KELL,

      Defendants.

No. 15-6146

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:13-CV-00759-M)**
_____

Kari Y. Hawkins, Assistant Attorney General, Oklahoma Attorney General's Office,
Litigation Section, Oklahoma City, Oklahoma, for Appellants.

D. Mitchell Garrett, Jr. (Amber Peckio Garrett, with him on the brief), Garrett Law
Center, Tulsa, Oklahoma, for Appellee.
_____

Before **GORSUCH**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

**MORITZ**, Circuit Judge.
_____

Oklahoma State Bureau of Investigation Agents Francia Thompson and Marvin Akers (the defendants) ask us to reverse the district court's order denying their motion to reconsider its denial of their motion to dismiss. But the defendants didn't expressly designate that order in their notice of appeal. And we can't fairly infer an intent to appeal that order from any of the other relevant documents before us. Accordingly, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

George Rouse hanged himself shortly after the defendants transported him to the Grady County Law Enforcement Center (GCLEC) for booking. Rouse's mother, Regina Williams, brought suit under 42 U.S.C. § 1983. She alleged the defendants knew Rouse was suicidal when they delivered him to GCLEC but failed to inform GCLEC's booking staff of that fact.

Asserting their entitlement to qualified immunity, the defendants moved to dismiss Williams' § 1983 claim. In an order dated October 8, 2014, the district court denied the motion, concluding Williams' complaint adequately alleged the defendants violated Rouse's clearly established constitutional rights under the Fourteenth Amendment.

The defendants could have immediately appealed the district court's order denying their motion to dismiss. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

2

They didn't. Nor did they immediately file a motion to alter or amend judgment, or a motion seeking relief from judgment. They could have. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). Instead, nearly eight months later—after the United States Supreme Court decided *Taylor v. Barkes*, 135 S. Ct. 2042 (2015)—the defendants filed a motion to reconsider[1] the district court's denial of their motion to dismiss. In an order dated July 31, 2015, the district court considered but denied that motion, finding *Barkes* inapplicable to Williams' claim.

Four days later, the defendants filed a notice of appeal indicating they were appealing the district court's October 8, 2014 order denying their motion to dismiss. But in their opening brief, the defendants instead ask us to review and reverse the district court's July 31, 2015 order denying their motion to reconsider. For the reasons discussed below, we lack jurisdiction to grant that request.[2]

---

[1] "The federal rules do not recognize a motion to reconsider. A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b)." *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Here, the defendants concede we must construe their motion to reconsider as a Rule 60(b) motion because they filed it outside of Rule 59(e)'s 28-day time limit. *See id.*

[2] Williams conceded at oral argument that we have jurisdiction to review the district court's order denying the defendants' motion to reconsider. But her "concession has no legal effect." *Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 993 n.3 (10th Cir. 1996). "[W]here our jurisdiction is not authorized by statute, it cannot be manufactured by consent." *Id.* Accordingly, "we have an independent duty to examine our own jurisdiction" despite Williams' concession. *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1223 (10th Cir. 2012) (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001)).

## DISCUSSION

A party in a civil case must generally file a notice of appeal within "30 days after entry of the . . . order appealed from." Fed. R. App. P. 4(a)(1)(A). But a party may enlarge that 30-day period by instead filing a Rule 60(b) motion within 28 days. In that case, the 30-day clock runs "from the entry of the order disposing of" the Rule 60(b) motion. Fed. R. App. P. 4(a)(4)(A)(vi).

Here, it appears the defendants were under the impression that Rule 4(a)(4)(A)(vi)'s tolling provision gave them 30 days from the district court's July 31, 2015 denial of their *motion to reconsider* in which to appeal the district court's October 8, 2014 denial of their *motion to dismiss*. After all, the defendants' notice of appeal (1) explicitly stated the defendants were appealing the district court's October 8, 2014 denial of their motion to dismiss; (2) noted the district court's July 31, 2015 denial of their motion to reconsider, and (3) asserted the notice of appeal was "accordingly timely filed pursuant to Fed. R. App. P. 4(a)(4)(A)." Aplt. App. 109. Likewise, in their docketing statement, the defendants selected Fed. R. App. P. 4(a)(4) as the authority fixing the time limit for filing their notice of appeal and listed their motion to reconsider and the district court's denial of that motion under a heading for tolling motions that referenced Fed. R. App. P. 4(a)(4)(A).

But the defendants filed their motion to reconsider nearly eight months after the district court denied their motion to dismiss—too late to take advantage of Rule 4(a)(4)(A)(vi)'s tolling provision. And because the defendants' August 4, 2015 notice of appeal was therefore untimely as to the district court's October 8, 2014 order

4

denying their motion to dismiss, we lack jurisdiction to review that order. *See* Fed. R. App. P. 4(a)(1)(A); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (explaining that timely filing of notice of appeal in civil case is jurisdictional requirement).

On August 24, 2015, we informed the defendants of this potential jurisdictional defect and ordered them to address the timeliness of their notice of appeal as to the district court's October 8, 2014 order denying their motion to dismiss. In response, the defendants took a different tack. They noted that they filed their notice of appeal only four days after the district court denied their motion to reconsider. Thus, they insisted, we should instead construe their notice of appeal as timely seeking relief from that order.

But in pursuing this new course, the defendants face yet another obstacle. Namely, even if their notice of appeal is timely as to the order denying their motion to reconsider, *see* Fed. R. App. P. 4(a)(1)(A), the sufficiency of their notice is far from clear. A notice of appeal must "designate the . . . order . . . being appealed." Fed. R. App. P. 3(c)(1)(B). And—as the defendants acknowledge—their notice of appeal expressly designated the district court's October 8, 2014 order denying their *motion to dismiss*, not its July 31, 2015 order denying their *motion to reconsider*.

Like Rule 4(a)(1)(A)'s 30-day filing deadline, Rule 3(c)(1)(B)'s designation requirement is jurisdictional. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992)). Nevertheless, we construe that designation requirement liberally. *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992). Thus, "[a] mistake in designating the judgment appealed from is not

5

always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (quoting *Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978)). Our task, then, is to determine whether the defendants expressed an intent to appeal the order denying their motion to reconsider.

In attempting to discern their intent, we may look to the three documents the defendants "filed within the time period for filing the notice of appeal": the notice of appeal itself; their docketing statement; and their motion to stay the district court action pending this appeal. *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997). But the only intent we can infer from these documents is an intent to appeal the district court's October 8, 2014 order denying the defendants' motion to dismiss, not its July 31, 2015 order denying their motion to reconsider.

First, the notice of appeal clearly specified that the defendants sought to appeal "from an order denying qualified immunity entered in this action on October 8, 2014." Aplt. App. 109. The notice of appeal did at least mention the order denying the defendants' motion to reconsider: it stated, "Defendants subsequently filed their Motion for Reconsideration, which the [c]ourt denied on July 31, 2015 . . . . This Notice is accordingly timely filed pursuant to Fed. R. App. P. 4(a)(4)(A)." Aplt. App. 109. But it's clear from this language that the defendants didn't reference the order denying their motion to reconsider because they intended to appeal it. Instead—as discussed above—they referenced it because they mistakenly believed that filing the

6

motion to reconsider enlarged their time for appealing the denial of their motion to dismiss under Rule 4(a)(4)(A)(vi).

The same intent is evident from the defendants' docketing statement. There, the defendants selected Rule 4(a)(4) as the authority fixing the time for filing their notice of appeal. And under a heading for tolling motions that cited Rule 4(a)(4)(A), they listed the motion to reconsider and the district court's denial of that motion. Again, this language doesn't suggest that the defendants intended to appeal the denial of the motion to reconsider. Rather, it reinforces their intent to use the denial of that motion as a means to accomplish their actual goal: appealing the denial of their motion to dismiss.

Finally, the defendants' motion to stay reiterated that their appeal was "based upon the [c]ourt's denial of their [m]otion to [d]ismiss," not upon its denial of their motion to reconsider. Aplt. App. 111.

Because all three of these documents express an unambiguous intent to appeal only the order denying the defendants' motion to dismiss, it is unsurprising that the defendants never explicitly assert the documents also evidence an intent to appeal the order denying their motion to reconsider. Instead, the defendants again chart a new course. This time, they insist the dispositive question isn't whether they expressed an intent to appeal a particular *order*, but whether they expressed an intent to appeal a particular *issue*: the issue of qualified immunity.

We agree that—in some cases—information about the issue on appeal can provide insight into the order being appealed. *See, e.g.*, *Trotter v. Regents of Univ. of*

7

*New Mexico*, 219 F.3d 1179, 1184 (10th Cir. 2000) (noting that "a docketing statement filed within the time limits for filing a notice of appeal which 'clearly describe[s]' the issues on appeal serves as the 'functional equivalent' of a properly drafted Rule 3 notice of appeal" (quoting *Denver & Rio Grande*, 119 F.3d at 849 (alteration in original))).

But this isn't one of those cases. Here, the defendants didn't simply "fail[] to designate" the order they now seek to challenge on appeal. *Denver & Rio Grande*, 119 F.3d at 848. Instead, they repeatedly and consistently attempted to use that undesignated order as a tool to obtain appellate review of the order they actually designated. That's not a mistake. That's a strategy. And it's one the defendants opted to pursue until we sua sponte pointed out its flaws in our August 24, 2015 order. Only then did the defendants attempt to change course. When a party makes this kind of strategic decision to treat an order as a means to an end for purposes of Rule 4(a)(4)(A)(vi)'s tolling provision, we see no reason to treat that same order as an end in itself for purposes of Rule 3(c)(1)(B)'s designation requirement.[3] *Cf. Nolan*, 973 F.2d at 845-46 (declining to exercise jurisdiction over undesignated order that

---

[3] In addition to *Denver & Rio Grande*, 119 F.3d 847, the defendants offer several other cases they contend establish that an appellant can comply with Rule 3's designation requirement by expressing an intent to appeal a particular issue, rather than an intent to appeal a particular order. *See, e.g.*, *Bohn v. Park City Grp., Inc.*, 94 F.3d 1457 (10th Cir. 1996), *Jones v. Nelson*, 484 F.2d 1165 (10th Cir. 1973), *Cheney v. Moler*, 285 F.2d 116 (10th Cir. 1960). But none of these cases suggest we must apply that general rule where—as here—an appellant makes a strategic decision to use an undesignated order as a means of obtaining appellate review over a designated order, and then later attempts to challenge the undesignated order on appeal. Accordingly, we find these cases inapposite.

plaintiff submitted in order to avoid dismissal of appeal from order he actually designated).

Like the defendants in this case, the plaintiff in *Nolan* filed an undesignated order with this court in an effort to obtain review of the order he actually designated in his notice of appeal. *Id.* And, like the defendants in this case, the plaintiff in *Nolan* then asked us to review that undesignated order. *Id.* at 844-45. We declined to do so. Specifically, we reasoned that because the plaintiff only filed the undesignated order in an effort to keep us from dismissing his appeal from the order he actually designated, we couldn't "discern from such a filing an intent also to appeal" from the undesignated order. *Id.* at 847. Accordingly, we dismissed the plaintiff's challenge to the undesignated order for lack of jurisdiction under Rule 3(c). *Id.*

As in *Nolan*, we can't "discern from" the defendants' strategic references to the undesignated order denying their motion to reconsider "an intent also to appeal from" that order. *Id.* Because we therefore lack jurisdiction to review the order denying their motion to reconsider, *see id.*, we dismiss the defendants' appeal.

## CONCLUSION

We construe Rule 3(c)(1)(B)'s designation requirement liberally. But that doesn't mean we can look the other way when a party fails to comply with that requirement altogether. Here, the defendants unquestionably failed to explicitly designate the order denying their motion to reconsider. And while their notice of appeal and their docketing statement referenced that order, they did so in a manner that only emphasized the defendants' true intent: to challenge on appeal the order

9

they *actually designated*. Under these circumstances, we can't "fairly . . . infer[]" from any of the relevant documents an intent to appeal from the undesignated order. *Sines*, 609 F.3d at 1074 (quoting *Sanabria*, 437 U.S. at 67 n.21). Accordingly, we dismiss the appeal for lack of jurisdiction.