FILED
United States Court of Appeals
Tenth Circuit

May 22, 2018

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

ROBERT EARL JACKSON,

     Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

     Respondent - Appellee.

No. 17-5108
(D.C. No. 4:17-CV-00263-JHP-MJX)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Robert Earl Jackson, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) that would allow him to appeal the district court's order denying

several post-judgment motions and its dismissal of his habeas petition. We dismiss his

appeal in part for lack of jurisdiction and affirm the district court's decision on the one

order over which we have jurisdiction. We reach the merits regarding Jackson's appeal

of this order, in which the district court denied his request for additional time to appeal

the court's dismissal of his habeas petition, because the order does not dispose of the

_____

     [*] After examining the appellant's brief and other filings and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

merits of his habeas petition and therefore does not require a COA. We also deny all pending motions.

## BACKGROUND

Jackson was convicted in state court of two counts of assault and battery upon a police officer and one count of unlawful possession of a controlled drug, and sentenced to terms of imprisonment totaling 32 years. The state court affirmed his convictions and sentences on direct appeal and denied Jackson's subsequent application for post-conviction relief.

Jackson has filed three previous petitions for habeas relief from his state convictions and sentences pursuant to 28 U.S.C. § 2254. The district court denied the first of these petitions on the merits and dismissed the second and third for lack of jurisdiction in whole or in part because they were second or successive petitions filed without prior authorization from this court. *See* 28 U.S.C. § 2244(b)(3) (requiring prior authorization from a court of appeals to file a second or successive § 2254 petition); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that in the absence of a § 2244(b)(3) authorization from this court, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition). In each case, we denied Jackson's request for a COA to appeal these decisions. *See Jackson v. Hines*, 268 F. App'x 773 (10th Cir. 2008) (unpublished); *Jackson v. Hines*, 509 F. App'x 692 (10th Cir. 2013) (unpublished); *Jackson v. Trammell*, 599 F. App'x 823 (10th Cir. 2014) (unpublished).

2

This matter arises from Jackson's fourth petition for habeas relief under § 2254, filed in May 2017. On July 11, 2017, the district court issued an order dismissing the petition without prejudice for lack of jurisdiction, again based on Jackson's failure to obtain prior authorization from this court. It entered judgment on the same day. Jackson responded with a series of post-judgment motions seeking to alter or amend judgment, obtain a COA from the district court, reopen the time for appeal and for other relief. The district court denied each motion by written order.

Jackson did not file a formal notice of appeal regarding the district court's dismissal of his § 2254 petition or any of the district court's subsequent orders. But the district court liberally construed one of Jackson's post-judgment motions as a timely notice of appeal from its order denying Jackson's motion to reopen the time to appeal the district court's July 11 dismissal of his petition. Jackson then filed additional motions in the district court arguing that several of his previous filings were actually notices of appeals from the district court's earlier denial of his second round of motions to alter or amend the July 11 judgment, and that through this vehicle he had preserved the right to appeal the district court's July 11 order and judgment. After the district court denied these motions as well, Jackson turned his attention to this appeal.

## DISCUSSION

In his opening brief and application for a COA in this court, Jackson continues to assert that he timely filed a notice of appeal from the district court's order denying his second round of post-judgment motions and on this basis seeks a COA to appeal this

3

order and the district court's dismissal of his habeas petition.[1] In addition to his opening brief, Jackson has filed various motions, a supplemental COA application, and a legal memorandum repeating and expanding on his arguments.[2] We have opted to consider these additional filings in our review of the relevant issues.[3]

## A. Jurisdiction

"This court cannot exercise jurisdiction absent a timely notice of appeal." *United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999). Accordingly, before we can consider Jackson's request for a COA or other relief, we must determine whether he filed a timely notice of appeal and, if so, with respect to which of the district court's orders. *See Watkins v. Leyba*, 543 F.3d 624, 625 (10th Cir. 2008) (dismissing appeal for lack of jurisdiction, without addressing application for COA, where petitioner's notice of appeal from order dismissing habeas petition was untimely). Because of the welter of post-judgment motions filed by Jackson and his failure to file a formal notice of appeal regarding the district court's judgment or any of its orders, we must examine the district court record in some detail to make this determination.

---

[1] Because Jackson is appearing pro se, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But Jackson must follow the same rules of procedure as all litigants, and we cannot serve as his "attorney [by] constructing arguments and searching the record." *Id*.

[2] Jackson also filed a motion for leave to proceed on appeal without prepayment of costs or fees.

[3] Because this appeal involves a request for a COA, the respondent-appellee was not required to file a brief until requested to do so by this court. 10th Cir. R. 22.1(B). Though we ultimately conclude that a COA is not necessary for us to dispose of this matter, we did not find it necessary to request briefing from the defendant to do so.

Jackson initially had 30 days in which to appeal the district court's July 11, 2017 order dismissing his § 2254 petition and its judgment of the same date. *See* Fed. R. App. P. 4(a)(1)(A) (stating notice of appeal must be filed within 30 days of the order or judgment from which the party appeals). But on July 24 Jackson timely filed a motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e).[4] This reset the time for him to appeal the July 11 order and judgment until 30 days after the district court ruled on this motion. Fed. R. App. P. 4(a)(4)(A)(iv). The district court denied Jackson's Rule 59(e) motion on August 8, which resulted in a revised deadline of September 7 for Jackson to file a notice of appeal from the July 11 order and judgment.

Jackson did not file a notice of appeal by this date but instead, on August 21, filed a second Rule 59(e) motion seeking to amend the July 11 order (Dkt. No. 13) and then, on August 31, a "Motion for Declaratory and Injunctive Relief" (Dkt. No. 14) that expanded on the arguments in his § 2254 petition and disputed the district court's July 11 jurisdictional determination. The district court denied both of these motions in a September 11 order (Dkt. No. 15).

The court's September 11 order and the motions it decided did not affect the deadline for Jackson to appeal the order and judgment dismissing his § 2254 petition. First, Rule 4(a)(4) only extends the appeal period upon the filing of certain specified

---

[4] A Rule 59(e) motion is timely if it is filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

motions, which do not include a motion for declaratory or injunctive relief.[5]  *See* Fed. R.

App. P. 4(a)(4)(A).  And while this rule provides additional time to appeal a judgment

based on a Rule 59(e) motion, it does so only for Rule 59(e) motions that are filed

"within the time allowed by [the Federal Rules of Civil Procedure]."  *Id.*  Rule 59(e)

requires that motions to alter or amend judgment be filed within 28 days of judgment.

Fed. R. Civ. P. 59(e).  Jackson's second Rule 59(e) motion was untimely because it was

filed on August 21, 41 days after the July 11 judgment, and therefore had no effect on the

time to appeal that judgment.  *See Martinez v. Carson*, 697 F.3d 1252, 1259 (10th Cir.

2012).  And finally, even if this second Rule 59(e) motion had been timely, this court has

specifically rejected the use of successive tolling motions to obtain additional time to file

a notice of appeal.  *See Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010);

*United States v. Marsh*, 700 F.2d 1322, 1324-28 (10th Cir. 1983).

After the district court issued its September 11 order, Jackson filed a "Motion to

Reopen the Time to File an Appeal" (Dkt. No. 16, filed September 21).  The district court

denied this motion in a September 28 order (Dkt. No. 17), properly finding that Jackson's

time to appeal the July 11 order and judgment had expired on September 7, 30 days after

the court's order denying his first Rule 59(e) motion.  The court also held in this order

that Jackson was not entitled to an extension or reopening of the time to appeal because

he had failed to show excusable neglect or good cause as required for an extension under

---

[5]  Even if this motion were construed as a motion for relief under Fed. R. Civ. P. 60, which is among the motions specified in Fed. R. App. P. 4(a)(4)(A), it would not extend Jackson's time to appeal dismissal of his habeas petition because it was filed more than 28 days after the judgment entered.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Federal Rule of Appellate Procedure 4(a)(5)(A) or any of the circumstances for reopening the time for appeal under Rule 4(a)(6).

Jackson responded on October 13 with two more filings. In the first, a document titled "Petitioner Seeks Leave to File a Notice of Appeal" (Dkt. No. 18), Jackson attempted to show good cause justifying an extension of time to appeal. The second October 13 filing was an "Application for Certificate of Appealability" (Dkt. No. 19) regarding his § 2254 petition. In an October 20 order, the district court liberally construed the first of these filings as a notice of appeal of its September 28 order and denied the application for COA as an untimely attempt to appeal the July 11 dismissal of Jackson's habeas petition.

Jackson disputes the district court's construction of Docket No. 18 and argues that it, along with his October 13 COA application (Dkt. No. 19) and his September 21 motion to reopen the time for appeal (Dkt. No. 16), actually functioned as notices of appeal from the district court's September 11 order denying his second Rule 59(e) motion and motion for declaratory and injunctive relief (Dkt. Nos. 13 and 14). It is also apparent from Jackson's arguments that he believes that a timely appeal of the September 11 order would effectively allow him to appeal the district court's July 11 dismissal of his § 2254 petition and its failure to grant him the habeas relief he requested. We need not address this theory in light of our disposition of this appeal.

In order to establish that he timely appealed the September 11 order, Jackson must demonstrate not only that his purported notice of appeal from this order was filed within 30 days of the order's issuance, *see* Fed. R. Civ. P. 4(a)(1), but also that one or more of

7

the filings on which he relies were the functional equivalent of a notice of appeal of this order. *See Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016). "[D]etermining whether a motion is the functional equivalent of a notice of appeal turns on the issue of notice." *United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999). The notice provided must meet the requirements of Federal Rule of Appellate Procedure 3(c), which, among other things, requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B); *see Williams*, 837 F.3d at 1078. "Like Rule 4(a)(1)(A)'s 30–day filing deadline, Rule 3(c)(1)(B)'s designation requirement is jurisdictional." *Williams*, 837 F.3d at 1078.

Assuming without deciding that each of the filings on which Jackson relies were filed within the 30-day appeal period,[6] we conclude they do not provide the required notice that Jackson intended to appeal the district court's September 11 order. Instead, even construed liberally, *see id.* (noting that "we construe th[e] designation requirement liberally"), we see nothing in Jackson's September 21 and October 13 filings

---

[6] The 30-day period for Jackson to appeal the district court's September 11 order expired on October 11. Jackson's September 21 motion to reopen the time for appeal (Dkt. No. 16) was clearly filed within this period, but the motions received and filed by the court on October 13 (Dkt. Nos. 18 and 19) were not unless Jackson can demonstrate he was entitled to the benefit of the prison mailbox rule. *See* Fed. R. App. P. 4(c). Under this rule, an inmate's notice of appeal is timely if it is placed in the prison mailing system on or before the last day for filing, provided it is accompanied by a declaration complying with 28 U.S.C. § 1746, a notarized statement or other evidence that the notice was so deposited. *See id.* R. 4(c)(1). The certificate of service that accompanied Jackson's October 13 filings reports that they were deposited in the mail at the Lawton Correctional Facility with prepaid postage on October 5, and therefore within the appeal period, but the certification is not notarized and does not attest to this information "on penalty of perjury" as required for compliance with 28 U.S.C. § 1746. Under these circumstances, we have found that the prison mailbox rule does not apply. *See Price v. Philpot*, 420 F.3d 1158, 1166-67 (10th Cir. 2005).

(Dkt. Nos. 16, 18 and 19) that notifies the court and the other parties that Jackson intended to appeal the district court's September 11 order. In Docket Nos. 16 and 19 Jackson only provided notice that he sought to appeal the district court's July 11 order and judgment dismissing his § 2254 petition. And Docket No. 18, Jackson's "Petitioner Seeks Leave to File Notice of Appeal," is directed solely at the district court's finding in the September 28 order that Jackson had not shown good cause for an extension of time to appeal the dismissal of his habeas petition. As a result, we conclude Jackson did not file a notice of appeal from the district court's September 11 order and that we therefore lack jurisdiction to consider his COA application to appeal this order.[7] Jackson's failure to timely file a notice of appeal from the district court's July 11 dismissal of his habeas petition similarly deprives us of jurisdiction to consider an appeal from this decision.

As noted above, the district court construed Jackson's "Petitioner Seeks Leave to File Notice of Appeal" filing (Dkt. No. 18), as a timely notice of appeal from its September 28 order. Under the liberal rules of construction that apply here, *see Williams*, 837 F.3d at 1078 (regarding liberal construction of Rule 3(C)(1)'s designation requirement); *Garrett*, 425 F.3d at 840 (regarding liberal construction of pro se filings), we agree this filing provides notice of Jackson's intent to appeal the September 28 order. As a result, we have jurisdiction to consider Jackson's appeal of this order, and turn to that issue now.

---

[7] To the extent Jackson's subsequent motions in the district court, filed on October 30 and November 30, could be construed as notices of appeal from the September 11 order, they were untimely because they were filed after the 30-day period to appeal this order expired on October 11.

9

**B.      District Court's denial of additional time to appeal**

An initial question with respect to Jackson's appeal of the September 28 order is whether it is subject to the COA requirement set forth in 28 U.S.C. § 2253(c)(1)(A).  In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that this requirement applies to "final orders that dispose of the merits of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention."  *Id.* at 183; *see also id.* (holding that an order denying appointment of counsel in a habeas proceeding does not require a COA because it does not dispose of the merits of the petition).  The district court's September 28 order denying Jackson additional time to appeal its dismissal of his habeas petition does not dispose of the merits of his habeas petition and therefore does not require a COA.  As a result, we proceed to the merits of Jackson's appeal of the district court's September 28 order.

Jackson contends the district court erred in the September 28 order when it found the deadline for Jackson to appeal from the court's dismissal of his habeas petition expired on September 7 and was not extended an additional period by his filing of a second Rule 59(e) motion.  For the reasons discussed in our jurisdictional analysis, this contention is meritless.

Jackson does not present any argument in his opening brief or additional filings challenging the district court's refusal to extend or reopen the time to appeal from the order and judgment of dismissal under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6).  By failing to contest this aspect of the September 28 order, Jackson forfeited

10

appellate review of these issues.[8]  *See Bronson v. Swensen*, 500 F.3d 1099, 1104

(10th Cir. 2007).

## CONCLUSION

For the reasons stated above, we affirm the district court's September 28, 2017

order and dismiss the remainder of this appeal for lack of jurisdiction.  We deny

Jackson's motion to proceed on appeal without prepayment of costs or fees because he

failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of

the issues raised."  *Watkins*, 543 F.3d at 627 (internal quotation marks omitted).

Therefore, he must pay the balance of the appellate filing fees immediately.  We deny

Jackson's remaining motions as moot.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[8]  In the district court, Jackson suggested good cause existed to extend the time to appeal because he misunderstood the tolling rules.  Even if Jackson had preserved this argument for appeal, the district court's rejection of it was within the district court's discretion.  *See* Fed. R. App. P. 4(a)(5)(A)(ii) (allowing court to extend the time to file a notice of appeal if the party shows "excusable neglect or good cause"); *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (reporting that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect" (internal quotation marks omitted)); *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (stating that "good cause" comes into play in situations in which "the need for an extension is usually occasioned by something that is not within the control of the movant").

11