**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JONATHAN CLARK; ERIC S. CLARK,

      Plaintiffs - Appellants,

v.

CITY OF SHAWNEE, KANSAS,

      Defendant - Appellee.

No. 17-3046
(D.C. No. 5:15-CV-04965-SAC-KGS)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Jonathan and Eric Clark seek to appeal from the summary judgment entered in

favor of the City of Shawnee, Kansas (City).  Their notice of appeal is untimely as to the

underlying judgment and did not indicate they were appealing from the denial of their

post-judgment motions.  We dismiss the appeal for want of jurisdiction.

In December 2013, a City police officer stopped Jonathan's vehicle and found two

---

[*] Oral argument would not materially assist the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  We have decided this case on the briefs.
    This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished).  *Id.*

loaded, un-encased firearms inside. At the time of the stop, the City had an ordinance prohibiting the transportation of a firearm in a vehicle unless it "is unloaded and encased in a container which completely encloses the Firearm."[1] (R. at 53.) The officer cited Jonathan for violating the ordinance.[2]

Jonathan filed a pro se 42 U.S.C. § 1983 complaint against the City alleging violations of the Second and Fourth Amendments. Joining him in the lawsuit was his uncle, Eric Clark. Although Eric had never been cited for violating the ordinance, he claimed there were numerous times he did not carry a firearm within the City (even though he wanted to) due to fear of being prosecuted under the ordinance.

After protracted proceedings, the district judge granted summary judgment in favor of the City on January 5, 2017. Judgment was entered that same day. In addition to awarding judgment to the City, the judgment allowed the City to recover its costs from the Clarks. The next day, the City submitted its bill of costs. It included its attorney's fees in the bill of costs.

On January 12, 2017, the Clarks filed a motion for review. They objected to the award of costs in the judgment and the City's inclusion of its attorney's fees in the bill of costs. On January 19, the City admitted it had improperly included its attorney's fees as a

---

[1] The ordinance was repealed on August 25, 2014, via a state law which declared null and void all ordinances governing the transportation of firearms or ammunition adopted prior to July 1, 2014.

[2] Jonathan was later convicted in municipal court of violating the firearm ordinance. He appealed to the state district court. The City eventually dismissed the charge.

cost item and filed a separate motion for an award of fees.

The judge denied the motion for review on January 20, 2017. He concluded the judgment correctly awarded the City its costs. However, he directed the Clerk of Court to disregard the request for attorney's fees in the City's bill of costs.

On January 31, 2017, the Clarks filed a motion for additional findings pursuant to Fed. R. Civ. P. 52(b). They asked the judge to make the following additional findings: (1) "the City's regulation appears calculated to incite members of the responsible law-abiding public to obtain a license to carry concealed weapons and to incite the public to view concealed carry of weapons as being a noble defence without any tendency to secret advantages"; and (2) "the evidence before the court showed that carrying of all visible firearms in all vehicles, including rifles mounted in the back window of pickup trucks on one's own private estate, present a level of concern that such conduct may create untoward and unseemly circumstances that go beyond self-defense." (D. Ct. Doc. 156.) On February 22, 2017, the judge denied the motion because it failed to provide any legal or factual support for the additional findings. Moreover, the Clarks had failed to explain how they satisfied the standards governing relief under Rule 52(b).

Six days later, on February 28, 2017, the Clarks filed their notice of appeal, seeking only to appeal from the January 5, 2017 judgment.

The City moves to dismiss the appeal for lack of jurisdiction because the notice of appeal is untimely. According to the City, the Clarks' Rule 52(b) motion for additional findings was deficient. As a result, it did not toll the time to appeal under Fed. R. App. P.

4(a)(4).  We agree with the City that we lack jurisdiction over this appeal, but for different reasons.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Generally, a notice of appeal in a civil case must be filed in the district court "within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  However, certain timely-filed motions, including a motion to make additional factual findings under Fed. R. Civ. P. 52(b) and a motion to alter or amend the judgment under Fed. R. Civ. P. 59, extend the time to appeal until 30 days from the entry of the order disposing of the motion.  Fed. R. Civ. P. 4(a)(4)(A).

In this case, the Clarks' motion for review filed on January 12, 2017, although not labeled as such, was a Fed. R. Civ. P. 59(e) motion because it sought to substantively alter or amend the judgment.  *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) ("Where [a] motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label.").  That motion, which was timely filed within 28 days after entry of judgment, *see* Fed. R. Civ. P. 59(e), extended the time to appeal to February 21, 2017—thirty days from the entry of the judge's January 20, 2017 order disposing of the motion.[3]  Although the Clarks filed a Rule 52(b) motion to make additional findings on

---

[3] Thirty days from January 20, 2017, was February 19, 2017.  However, February 19, 2017, was a Sunday and February 20, 2017, was a legal holiday.  Therefore, the

(Continued . . .)

- 4 -

January 31, 2017, that motion did not extend the time to appeal beyond the February 21, 2017 deadline because successive post-judgment motions do not toll the time for appealing an underlying judgment. *See Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010) (a successive post-judgment motion "did *not* extend the time for filing a notice of appeal from the underlying amended final judgment"). Because the Clarks did not file their notice of appeal until February 28, 2017—a week past the February 21, 2017 deadline—their appeal is untimely as to the January 5, 2017 judgment and we lack jurisdiction to review it.

Attempting to avoid this result, the Clarks ask us to construe their January 31, 2017, motion to make additional findings as a notice of appeal. "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Smith v. Barry*, 502 U.S. 244, 248–49 (1992). The notice required by Rule 3 is notice of (1) the party or parties taking the appeal, (2) the judgment or order being appealed, and (3) the court to which the appeal is taken. Fed. R. App. P. 3(c)(1); *see also United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999). Although the motion for additional findings was filed within the time to file a notice of appeal, it did not provide the requisite notice. It clearly sought relief solely from the district court; it did not evidence an intent to seek appellate review from this Court. It also did not indicate

---

notice of appeal was due Tuesday, February 21, 2017. *See* Fed. R. App. P. 26(a)(1)(C) ("When the [time] period [specified in the appellate rules] is stated in days . . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

what judgment or order is being appealed. Indeed, the motion begins by "[r]eserving the right to appeal on all issues . . . ." (D. Ct. Doc. 156.) Far from indicating that they are presently appealing to this Court from the final judgment, this language simply gives notice of an intent to appeal in the future.

Although the notice of appeal is untimely as to the January 5, 2017 order and judgment, it is timely with respect to the judge's denial of the Clarks' Rule 59(e) motion for review and Rule 52(b) motion for additional findings. The judge denied the motion for review on January 20, 2017, but the timely filing of the motion for additional findings on January 31, 2017, tolled the time to appeal from that denial. *See Ysais*, 603 F.3d at 1178 ("[The] second motion for reconsideration tolled Ysais's time to appeal . . . from the denial of the first motion for reconsideration"). The judge denied the motion for additional findings on February 22, 2017, which gave the Clarks until March 24, 2017, to appeal from the denial of both motions. Again, the notice of appeal was filed February 28, 2017.

But another problem exists. Fed. R. App. P. 3(c)(1)(B) requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." This requirement is jurisdictional. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012); *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016). "Nevertheless, we construe the designation requirement liberally. Thus, a mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was

not misled or prejudiced." *Williams*, 837 F.3d at 1078 (citation and quotation marks omitted).

The only intent we can infer from the notice of appeal is an intent to appeal from the January 5, 2017 order and judgment. It states: "Plaintiffs hereby timely appeal[] the **Order** and **Judgment** dated the 5th day of January, 2017 [Dks. 140 & 141] . . . ." (R. at 881.) It not only mentions the date of the order and judgment, it refers to the district court docket numbers.

The notice of appeal mentions the motion for additional findings:

> Pursuant to the Federal Rules of Appellate Procedure, Rule 4(a)(4)(A)(ii) concerning the ***Effect of a Motion on a Notice of Appeal***, if a party files in the district court a timely motion "to amend or make additional factual findings under Rule 52(b), **whether or not granting the motion would alter the judgment**," then the time to file an appeal runs for all parties from the entry of the order disposing of that motion and; Plaintiffs did timely file[] a motion to make additional findings under Rule 52(b) on January 31, 2017 [Dk. 156]; thus, a notice of appeal is timely filed if filed within 30 days of the district court's order disposing of that motion which in the instant case was the order [Dk. 160] filed on February 22, 2017. Thirty days have not yet elapsed from that date and; therefore, **this appeal is timely filed**.

(*Id.*) But that is insufficient.

The Clarks' reference to the order denying their motion for additional findings does not evidence an intent to appeal from it. They referred to the motion believing it tolled the time to appeal from the final judgment. As we have already explained, it did not.

Because we can discern no intent to appeal from the denials of their post-judgment

- 7 -

motions, we lack jurisdiction to review those orders.[4]

We **GRANT** the City's Motion to Dismiss and **DISMISS** this appeal for lack of

jurisdiction. The Clarks' Motion to Certify a Question of State Law to the Kansas

Supreme Court is **DENIED**.


**Entered by the Court:**



**Terrence L. O'Brien**
United States Circuit Judge

---

[4] The City's motion for attorney's fees did not impact the time to appeal because the judge did not extend the time to appeal under Fed. R. Civ. P. 58. *See* Fed. R. App. P. 4(a)(4)(A)(iii) (a timely-filed motion for attorney's fees under Fed. R. Civ. P. 54 extends the time to appeal only "if the district court extends the time to appeal under Rule 58*"); see also Yost*, 607 F.3d a 1242 (the time period to file an appeal in a civil case "may be tolled if . . . a party timely files a motion for attorney's fees under Federal Rule of Civil Procedure 54 *and* 'the district court extends the time to appeal under Rule 58,' Fed. R. App. P. 4(a)(4)(A)(iii)").