FILED
United States Court of Appeals
Tenth Circuit

July 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LIMING WU,

    Plaintiff - Appellant,

v.

DEB HAALAND, Secretary of the
United States Department of
Interior;* UNITED STATES
DEPARTMENT OF INTERIOR,
Bureau of Land Management; NEW
MEXICO STATE OFFICE, DOI
BLM; ADEN SEIDLITZ; BUREAU
OF LAND MANAGEMENT;
UNITED STATES OF AMERICA,

    Defendants - Appellees.

No. 20-2067
(D.C. Nos. 1:14-CV-00150-RB-KRS,
1:17-CV-00113-MV-LF,
1:18-CV-00813-KBM-SCY)
(D. N.M.)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **BACHARACH**,
Circuit Judges.
_____

\*     During the pendency of this appeal, Ms. Deb Haaland became
Secretary of the United States Department of the Interior. She is thus
substituted for Mr. David Bernhardt as the defendant-appellee. *See* Fed. R.
App. P. 43(c)(2).

\*\*     We conclude that oral argument would not materially help us to
decide the appeal, so we have decided the appeal based on the record and
the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

_____

This appeal stems from the district court's denial of pro se plaintiff Ms. Liming Wu's motion to reconsider orders based on newly discovered evidence. In that motion, Ms. Wu sought to set aside a settlement agreement. The district court denied the motion, characterizing it as a motion under Federal Rule of Civil Procedure 60(b). We affirm, concluding that the district court did not abuse its discretion.

## 1.    Background

Ms. Wu worked as a geologist for the United States Department of the Interior (DOI), Bureau of Land Management. Ms. Wu sued the DOI's Secretary, claiming discrimination (based on her race, national origin, and age), retaliation, and negligence. She entered a settlement agreement with the DOI, which required dismissal of her claims and retirement from the DOI. In exchange, the DOI would pay $200,000 and provide a neutral letter of recommendation. The agreement allowed Ms. Wu to revoke the agreement through written notice. To exercise this option, Ms. Wu had to deliver the notice of revocation in time for it to be received within seven days at a given address. R., Vol. 1 at 118.

Ms. Wu tried to revoke the agreement by sending notice through FedEx's standard overnight service. But the notice was not delivered until the eighth day. (Another federal agency received the notice on the sixth

2

day, but that wasn't the agency identified in the agreement to receive the notice.)

Ms. Wu returned to work, but she fainted after her first day back and suffered a traumatic brain injury. The DOI moved to enforce the agreement, and Ms. Wu consented. The district court thus granted the motion, Ms. Wu accepted $200,000, and the parties stipulated to dismissal of the action with prejudice.

Roughly three years later, Ms. Wu moved to set aside the stipulated order of dismissal, the agreement, and the order enforcing the agreement. The district court treated the motions as Rule 60(b) motions and denied relief.

Ms. Wu also filed two more suits in 2017 and 2018, asserting claims involving her employment with the DOI. The district court dismissed part of the 2017 suit and allowed Ms. Wu to file a fifth amended complaint on the surviving claims. The court dismissed the 2018 action as duplicative of the first.

Instead of filing a fifth amended complaint in the 2017 action, Ms. Wu appealed, seeking review of various orders from the three actions. We dismissed that appeal in part for lack of jurisdiction and otherwise affirmed. *See Wu v. Bernhardt*, 820 F. App'x 669, 671 (10th Cir. 2020).

While that appeal was pending, Ms. Wu moved for relief under Rule 60(b). (We refer to this as "the third Rule 60(b) motion.") In the

3

motion, Ms. Wu did not say which order she wanted reconsidered. The court assumed that Ms. Wu wanted reconsideration of an order issued in February 2019, which had denied the first two Rule 60(b) motions.

In denying the third Rule 60(b) motion, the court addressed Ms. Wu's argument that two pieces of new evidence showed coercion into withdrawing her objection to the DOI's motion to enforce the agreement. One piece of evidence was a generic medication instruction in an after-visit note from a March 2019 doctor's visit. The note showed a recommendation that if Ms. Wu were to obtain sedative medications, she should not make any important decisions or sign any legal documents. The court determined that the note had not related to Ms. Wu's mental state in August 2015 (when she consented to enforcement of the settlement agreement). The second piece of evidence was a text message that Ms. Wu's employer had sent shortly after the fall:

> Please call me in the morning to tell me the . . . prognosis and what your plan for the week is. If you will not be attending work, I will need a doctor note no later than Thursday by noon. I hope this is not serious and you feel better soon.

R., Vol. 1 at 719. Ms. Wu characterized the text as coercion to acquiesce in the DOI's motion to enforce. The district court rejected this characterization.

Ms. Wu also complained of the employer's filing of a redacted motion to enforce the agreement. Ms. Wu characterized the redaction as an

4

effort to cover up earlier efforts to coerce her into acquiescing in the motion to enforce the agreement. The district court disagreed for two reasons. First, the redaction did not delete documents from the court's electronic filing system, so the court could still access the unredacted version. Second, the redactions simply avoided public disclosure of two categories of information: (1) the name, address, and account information for payment of the $200,000 and (2) the tax identification number for Ms. Wu's attorney. The court found no intent by the DOI to harm Ms. Wu and declined to reconsider the February 2019 order.

Ms. Wu also alleged violation of the Older Workers Benefits Protection Act, which provides that a waiver of rights under the Age Discrimination in Employment Act must be knowing and voluntary. The court first examined two of the requirements for an individual's waiver of an age-discrimination claim: (1) the individual must be "given a period of at least 21 days within which to consider the agreement," 29 U.S.C. § 626(f)(1)(F)(i); and (2) the agreement must "provide[] that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement," *id.* § 626(f)(1)(G). The court concluded that these requirements do not apply to the settlement of a court action.

Though the court concluded that the DOI had satisfied the statute, Ms. Wu argued that the agreement was voidable because the DOI had not sent a neutral letter of recommendation. The court disagreed, explaining

5

that Rule 60(b) provided the only available remedy and the DOI's failure to send the letter had not justified relief. R., Vol. 1 at 768. The court added that Ms. Wu had failed to address

- "why the DOI's provision of the letter in response to [an earlier] motion [was] insufficient to accomplish justice" or

- "why she did not simply ask the DOI to provide the letter earlier."

*Id.* at 768-69 (citation & internal quotation marks omitted).

## 2. Appellate Jurisdiction

We first address the existence and scope of our jurisdiction. In the notice of appeal, Ms. Wu referred only to the district court's denial of the third Rule 60(b) motion. Because this is the only order identified in the notice of appeal, our jurisdiction does not extend beyond this order. *See Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016) (stating that the requirement for designation of the order being appealed is jurisdictional).

Even if the notice of appeal had encompassed the preceding orders, however, "the timely filing of a notice of appeal in a civil case [would be] a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The only order timely appealed was the denial of the third Rule 60(b) motion.

The deadline for the notice of appeal was the 60th day following entry of the underlying order. Fed. R. App. P. 4(a)(1)(B)(i). The district court clerk file-stamped the denial of the third Rule 60(b) motion on

6

March 16, 2020. But this order was not entered on the civil docket until March 17. *See* R., Vol. 1 at 13 (text for docket entry 132). So the 60-day period began to run on March 17 and ended on Saturday, May 16. Because the last day of the period was a Saturday, Ms. Wu's notice of appeal was due the following Monday, which was May 18. *See* Fed. R. App. P. 26(a)(1)(C). Because Ms. Wu filed her notice of appeal on May 18, the notice was timely as to the March 16 order. But the notice of appeal would have been late as to the earlier orders. So irrespective of the limited scope of the notice of appeal, our jurisdiction would be confined to review of the March 16 order.[1]

Ms. Wu cannot skirt these jurisdictional limitations by virtue of the district court's treatment of the third Rule 60(b) motion as requesting reconsideration of its February 2019 order denying her first two Rule 60(b) motions. "An appeal from a denial of a Rule 60(b) motion addresses only the district court's order denying the motion, and not the underlying

---

[1]    In her reply brief, Ms. Wu quotes *Davis v. Passman*, 442 U.S. 228 (1979), for the proposition that the district court had subject-matter jurisdiction over the preceding rulings. The district court did have subject-matter jurisdiction, but subject-matter jurisdiction differs from an appellate court's jurisdiction. *See Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 628 n.3 (2009) ("[T]here are good reasons for treating subject-matter jurisdiction differently . . . from the appellate jurisdiction here conferred.").

decision itself." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).[2]

## 3.    Standard of Review

We review the denial of a Rule 60(b) motion for "an abuse of discretion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted). An abuse of discretion occurs when a district court's ruling "is arbitrary, capricious, whimsical or manifestly unreasonable[,] or when we are convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003) (internal quotation marks omitted).

## 4.    Revocation of the Settlement Agreement

Invoking the Older Workers Benefits Protection Act, Ms. Wu denies that she had enough time to consider or revoke the settlement of her age-discrimination claim. We disagree.

Under that Act, waiver through settlement of a court action is "knowing and voluntary" only upon satisfaction of "subparagraphs (A)

---

[2]    In her reply brief, Ms. Wu reurges her constitutional claims and criticizes a prior opinion that found improper claim splitting. *Wu v. Bernhardt*, 820 F. App'x 669, 676–77 (10th Cir. 2020) (unpublished). But the third Rule 60(b) motion did not address any constitutional claims or claim-splitting.

8

through (E) of paragraph (1)." 29 U.S.C. § 626(f)(2). But there's nothing to require satisfaction of subparagraphs (F) and (G), which set forth the time periods to consider a settlement and revoke it. Under § 626(f)(2), a claimant can settle a court action involving an age-discrimination claim without waiting a specified number of days. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013). So the district court correctly concluded that the statutory timing provisions (21 days to consider a waiver and 7 days to revoke the waiver) do not apply.

Ms. Wu argues that the district court's decision conflicts with *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998). We disagree. *Oubre* concerned an employee's release of claims "as part of a termination agreement," *id.* at 423, not a settlement of a court action.[3]

In her reply brief, Ms. Wu contends that the agreement violated § 626(f)(1)(C), which provides that "the individual does not waive rights or claims that may arise after the date the waiver is executed." "We generally do not consider arguments raised for the first time in a reply

---

[3]    Though the statutory provision for revocation does not apply, the settlement agreement specified that Ms. Wu had seven days to revoke the settlement agreement. The third Rule 60(b) motion does not address satisfaction of the settlement agreement's provision for revocation. The agreement is specific about revocation by stating that the Director of the Office of Civil Rights had to receive the notice of revocation within seven days at Mailstop 4310, 1849 C Street, N.W., Washington, D.C. 20240. R., Vol. 1 at 118.

brief." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 676 n.9 (10th Cir. 2016).

But this contention would fail even if we were to consider it. The agreement states that it resolved all claims "arising out of or relating to Plaintiff's employment with the Agency, up to and including the date [she] signs this Settlement agreement." R., Vol. 1 at 117. This provision necessarily excluded any waiver of rights or claims that may have arisen after the date of the waiver. So the district court did not abuse its discretion in concluding that the agreement satisfies § 626(f)(1)(C).

**5.     Alleged Failure to Provide a Neutral Letter of Recommendation**

In a prior appeal, we rejected Ms. Wu's argument that the alleged failure to provide a neutral letter of recommendation would justify avoidance of the stipulated dismissal. We explained that "[a]bsent any basis for setting aside the stipulated dismissal, the district court properly declined to set aside the [agreement]." *Wu v. Bernhardt*, 820 F. App'x 669, 675 (10th Cir. 2020). That ruling constitutes the law of the case. *See Dobbs v. Anthem Blue Cross & Blue Shield*, 600 F.3d 1275, 1279-80 (10th Cir. 2010) (explaining that an appellate decision on a rule of law governs the same issue in later stages of the same case). So we will not second-guess our prior opinion on this issue.

10

**6.      New Evidence**

In moving for reconsideration, Ms. Wu submitted a doctor's note from 2019, recommending caution if she'd received sedation. But Ms. Wu had agreed to the settlement 3-1/2 years earlier. Given the timing, the district court discounted the doctor's note because Ms. Wu had never presented any evidence that she was under the influence of a sedative when she agreed to the settlement. Ms. Wu does not present any reason to question this conclusion.

**7.      Deletion of the Original Motion to Enforce the Settlement Agreement**

Ms. Wu also argues that a defense attorney tinkered with the docket system, deleting a motion to enforce the settlement agreement. The district court explained that the clerk's office (not defense counsel) sealed the motion because the document contained private financial information as to Ms. Wu and her counsel. So the court found that nothing had been deleted. Ms. Wu again does not present any reason to question this finding.

**8.     Conclusion**

We affirm the denial of the third Rule 60(b) motion.[4]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[4]     We also deny the government's motion to dismiss this appeal as moot because the government withdrew the motion.